```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                  )
MAGGIE BONA                       )
                                  )
         Plaintiff                )
                                  )
            v.                    )    COMPLAINT
                                  )
BERKSHIRE HILLS REGIONAL SCHOOL   )    JURY TRIAL DEMANDED
DISTRICT, and, in their official  )
Capacities, DONNA MOYER, ROBERT   )
PUTNAM, and GLORIA GREAVES        )
                                  )
and                               )
                                  )
SCOTT MUIR                        )
                                  )
         Defendants               )
_____    )
```

I.   INTRODUCTION

Now comes the plaintiff, Maggie Bona, and brings this complaint against the defendants, Berkshire Hills Regional School District, Donna Moyer, Robert Putnam, Gloria Greaves, and Scott Muir, pursuant to 20 U.S.C. § 1681 (Title IX), 42 U.S.C. § 1983 (due process), M.G.L. c. 214, § 1C (sexual harassment), and M.G.L. c. 258, § 2 (Massachusetts Tort Claims Act), and against Scot Muir for assault and battery.

II.  PARTIES

   1.   The plaintiff, Maggie Bona, resides at 30 Reed Street, Great Barrington, MA 01230-2009.

   2.   The defendant, Berkshire Hills Regional School District, is located at 50 Main Street, Stockbridge, MA 01262.

3. The defendant, Donna Moyer, resides in Massachusetts.

4. The defendant, Robert Putnam, resides in Massachusetts.

5. The defendant, Gloria Greaves, resides in Massachusetts.

6. The defendant, Scott Muir, lives in Stockbridge, MA 01262.

III. <u>JURISDICTION</u>

7. This Court has subject matter jurisdiction over Maggie's claims under 28 U.S.C. § 1331 because her claims arise in part under the laws of the United States.

8. This Court has supplemental jurisdiction over Maggie's state law claims under 28 U.S.C. § 1367(a).

IV. <u>FACTUAL BACKGROUND</u>

9. The Stockbridge Plain School ("Plain School") is an elementary school located within the Berkshire Hills Regional School District.

10. In September 2003, Donna Moyer was the superintendent of the Berkshire Hills Regional School District, and, at the Plain School, Robert Putnam was the principal and Gloria Greaves was the assistant principal.

11. Scott Muir had been on staff at the Stockbridge Plain School since 2002, where he maintained a basement office and was responsible for counseling children.

12. In the fall of 2003, Maggie was in the second grade. She was eight years old.

13. Beginning in the fall of 2003, Muir gave Maggie piggy back rides at recess, during which he would grope her buttocks.

14. In the fall of 2003, Muir also began inviting a group of girls, including Maggie, to his office around lunchtime. At the end of lunch, the others would leave and Muir would have Maggie stay. After the other girls left his office, Muir would ask Maggie if she wanted to play at his computer. Sitting at his chair, he would pick her up and put her on his lap. He would talk to her, breathe in her ear, and touch her thighs.

15. By late 2003, Muir began coming to Maggie's classroom periodically, and, after consulting with her teacher, he would remove her from class and escort her to his office. At his office, he would touch Maggie as described above.

16. Muir continued to pull Maggie from class in 2004.

17. In early 2004, during these office visits, Muir began putting his hands in Maggie's pants and inserting his fingers into her vagina. Muir told Maggie that what he was doing was "a secret," and he instructed her not to tell anyone.

18. No one from the school notified Maggie's parents that Muir was repeatedly meeting with Maggie in his office.

19. Muir met with other students in his office as well.

20. In the spring of 2004, a fourth grade student at the Plain School complained to her mother about Muir, telling her mother that Muir was touching her inappropriately by giving groping her when he gave her piggy back rides and by touching her when she visited him in his office. The student's mother contacted her daughter's teacher and discussed the matter with the teacher, requesting that her daughter no longer be sent to Muir's office. The teacher spoke with Muir and with Principal Putnam regarding the allegations. No investigation was done and the fourth grade student continued to be sent to Muir's office to meet with him alone.

21. In mid-May 2004, a second fourth grade student at the Plain School informed her mother that Muir been touching her inappropriately. Her mother reported the allegations to the school.

22. Principal Putnam met separately with each of the fourth grade students and their parents to hear their concerns.

23. Approximately one week later, in early June 2004, Principal Putnam reported the allegations to the Commonwealth of Massachusetts Department of Children and Families ("DCF").

24. Principal Putnam informed the DCF investigator that he had informed Muir that Muir could no longer give students piggyback rides, meet with students alone in his office, or have physical contact with students.

25. Throughout this time, and after the completion of the DCF investigation, Muir continued to meet with Maggie alone in his office without any supervision or notice to Maggie's parents, and, during those office visits, he continued to touch Maggie in the manner described above.

26. In September 2004, Maggie, then nine years old, continued at the Plain School as a third grade student.

27. Muir continued abusing Maggie in his office in the manner described above from September 2004 through the end of the school year in June 2005.

28. In September 2005, Maggie began the fourth grade at Muddy Brook Regional Elementary School ("Muddy Brook"). She was ten years old.

29. Muir continued as a counselor at Muddy Brook.

30. Muir abused Maggie as described above on several occasions in the fall of 2005.

COUNT I
Title IX
20 U.S.C. § 1681
(Berkshire Hills Regional School District)

31. The preceding paragraphs are incorporated as if stated herein.

32. The Berkshire Hills Regional School District is liable under 20 U.S.C. § 1681 because it knew or should have known that Muir engaged in inappropriate conduct of a sexual nature with

students and acted with deliberate indifference to the situation by failing to adequate measures to prevent Muir from continuing to meet with Maggie alone in his office, which resulted in Maggie suffering further abuse.

33.  Maggie seeks the maximum recovery available to her under the law.

## COUNT II
### DUE PROCESS
### 42 U.S.C. § 1983
### (All Defendants)

34.  The preceding paragraphs are incorporated as if stated herein.

35.  The defendants are liable under 42 U.S.C. § 1983 because they violated Maggie's due process right to bodily integrity under the Fourteenth Amendment by failing to take adequate measures to prevent Muir from sexually abusing her.

36.  Maggie seeks the maximum recovery available to her under the law.

## COUNT III
### Sexual Harassment
### M.G.L. c. 214, § 1C
### (Berkshire Hills Regional School District)

37.  The preceding paragraphs are incorporated as if stated herein.

38.  The Berkshire Hills Regional School District knew or should have known that Muir engaged in inappropriate conduct of a sexual nature with students and acted with deliberate

indifference to the situation by failing to adequate measures to prevent Muir from continuing to engage in such activities.

39. Maggie seeks the maximum recovery available to her under the law.

### COUNT IV
### Massachusetts Tort Claims Act
### M.G.L. c. 258, § 2
### (Berkshire Hills Regional School District)

40. The preceding paragraphs are incorporated as if stated herein.

41. The Berkshire Hills Regional School District and its employees acted negligently and/or recklessly by retaining Muir and allowing him to continue to meet alone with Maggie without supervision after learning that he had engaged in inappropriate conduct with other students, which caused Maggie to suffer abuse.

42. Maggie gave notice of her claims to the Berkshire Hills Regional School District in a letter dated October 15, 2013.

43. Maggie seeks the maximum recovery available to her under the law.

### COUNT V
### Assault and Battery
### (Scott Muir)

44. The preceding paragraphs are incorporated as if stated herein.

45. Muir assaulted and battered Muir on numerous occasions.

46. Maggie seeks the maximum recovery available to her under the law.

WHEREFORE, Maggie Bona respectfully requests that the Court issue judgment in her favor and award her such relief as the Court deems appropriate.

Maggie Bona demands a trial by jury.

                          Respectfully submitted,
                          The defendant,
                          By her attorney,

Dated: June 22, 2016         */s/ Michael Aleo*
                          Michael Aleo, BBO No. 672071
                          aleo@LNN-law.com
                          Lesser, Newman, Aleo & Nasser, LLP
                          39 Main Street
                          Northampton, MA 01060
                          (413) 584-7331 (tel)
                          (413) 586-7076 (fax)